UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81052-Civ-Hurley/Hopkins

ALLEN FOX,

        Plaintiff,

v.

COHEN VENTURES, LLC,

        Defendant.
_____/

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS (DE 13)

**THIS MATTER** has come before this Court upon an Order Referring Plaintiff's Verified Motion for Attorneys' Fees and Litigation Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 14). Presently before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (DE 13), Defendant's response (DE 15), and Plaintiff's reply (DE 16). The matter is now ripe for this Court's review.

**BACKGROUND**

Plaintiff filed the instant case on September 23, 2008, alleging that Defendant violated the Americans With Disabilities Act ("ADA") by operating a property which was not accessible by disabled persons. (DE 1). After negotiations, the parties filed a Joint Motion to Approve the Consent Judgment on December 29, 2008 (DE 11), which was approved by the District Court on January 8, 2009 (DE 12). Pursuant to the stipulation, the Court would retain jurisdiction over

Plaintiff's motion for fees and costs. (DE 13, Exhibit A at ¶11). Additionally, the Defendant stipulated that the Plaintiff is entitled to a fee and cost award. *Id.* The only unresolved issue is the amount to which the Plaintiff is entitled. *Id.* Plaintiff seeks reimbursement for the entirety of the case, including: (a) $8,743.00 in attorneys' fees; and (b) $824.79 in costs (including $350.00 for an expert reinspection of Defendant's premises to verify compliance with the ADA); for a total fee and cost award of $9,567.79. Defendant objects to the hourly rates charged by Plaintiff's counsel, as well as the amount of time spent on the case. (DE 15 at pages 3-5). Defendant notes that Plaintiff's counsel has routinely brought similar ADA cases on behalf of this Plaintiff and that much of their work in this case is identical to work performed in previous cases and that therefore, the time Plaintiff's counsel attributes to these activities is excessive.[1]

## DISCUSSION

### I. Plaintiff's Verified Motion

As to Plaintiff's entitlement to attorney's fees, the parties' stipulation specifically states that Defendant would pay Plaintiff for the reasonable fees, expenses, and costs incurred by Plaintiff, Plaintiff's counsel, and Plaintiff's expert, and that if the parties could not agree upon an amount of fees, that Plaintiff could file a motion for such fees, with the proviso that Plaintiff's entitlement to such fees would be deemed established, and the only issue for the Court would be the reasonable amount of an award. (DE 13, Ex. A, ¶ 11). The stipulation was signed by both Plaintiff and

---

[1] Plaintiff's counsel acknowledges that their firm "has represented Plaintiff in several other actions and has a continuing relationship with him" and thus, the "level of familiarity and knowledge results in more efficient communications between lawyer and client . . ." (DE 13, pg 7). A search of the Court's electronic filing database reveals that counsel has filed over 140 ADA cases on behalf of this Plaintiff since June of 2004.

Defendant.

With Defendant having agreed to Plaintiff's entitlement to the claimed fees, this Court now turns to the calculation of a reasonable fee.[2]

## 2. Calculation of the Attorney's Fee Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained

---

[2] The Americans with Disabilities Act ("ADA") provides that prevailing parties, other than the United States, are entitled to "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205 (2006). However, because Defendant has executed an agreement herein establishing Plaintiff's entitlement to attorney's fees, a discussion of Plaintiff's status as a "prevailing party" is not required.

> records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (*citations omitted*).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

A court is not required to hold an evidentiary hearing prior to awarding attorney's fees. *See Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003). Rather, attorney's fee awards are generally based on affidavits and billing records submitted to the court. *See Barnes*, 168 F.3d at 428, 430; *Norman*, 836 F.2d 1292, 1298; *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354, 1356 (11th Cir. 2000).

**A.  Hourly Rates**

In seeking reimbursement for his attorneys' fees, Plaintiff relies on the billing records of the two attorneys who performed work in the case, Mr. Samuel C. Aurilio, Esq. ("Aurilio"), and Ms. Cynthia K. Mitchell. Esq. ("Mitchell"), as well as a paralegal, Ms. Heather Grove ("Grove"). (DE 13, Exhibit C). Mr. Aurilio's claimed hourly rate is $375.00 and Ms. Mitchell's claimed hourly rate

is $325.00.[3]  In support of the claimed hourly rates, Plaintiff submitted an expert affidavit of Mr. Todd Shulby, Esq. ("Shulby"), who opines that the hourly rates charged by Plaintiff's counsel are "within the range of the prevailing market rate in the legal community for similar services by lawyers of reasonable comparable skills, experience and reputation." (DE 13, Ex. B at pgs 4-5).  Shulby also believes that the hours spent in this litigation are "reasonable and necessary."  *Id.*

As is noted above, Defendant objects to the hourly rates charged by Plaintiff's counsel's firm in this case.  However, even if Defendant did not object, the Court has a duty to avoid awarding excessive fees and expenses.  Accordingly, this Court will briefly discuss counsel's qualifications to determine the reasonableness of the claimed hourly rates.  *See Barnes*, 168 F.3d at 428.

According to Plaintiff's Motion, Mitchell was admitted to the Florida Bar in 2002, and is a seventh-year associate who has been lead counsel in over 150 ADA Title III cases.  (DE 13, pg 6). Admitted to the United States District Court for the Southern and Middle Districts of Florida, as well as the United States Court of Appeals for the Eleventh Circuit, Mitchell has been awarded an hourly rate of $295.00 by this Court (*see Fox v. Raymond Office Plaza.,* No. 07-80630-CIV-HURLEY/HOPKINS), but she states that since 2008, her hourly rate has increased to $325.00.  (DE 13, pg 6).[4]

With respect to Aurilio, he has been a member of the Florida Bar for more than eighteen years and has worked on over 200 ADA Title III cases in the Southern and Middle Districts of

---

[3] Defendant does not object to the paralegal's hourly rate of $90.00.  (DE 15 at page 3).

[4] This statement is belied by Ms. Mitchell's billing records which demonstrate that throughout 2008 and into 2009, her hourly rate was $295.00.  (DE 13, Exhibit C).

Florida.[5]  Aurilio has previously been awarded an hourly rate of $325.00 by this Court (*see Fox v. Raymond Office Plaza.,* No. 07-80630-CIV-HURLEY/HOPKINS), but states that since 2008, his rate has increased to $375.00.  (DE 13, pgs. 5-6).

The Court has considered the qualifications and experience of counsel, as well as the objections of Defendant, and concludes that the attorneys' claimed hourly rates are excessive and should be reduced.  Indeed, it is telling that Plaintiff's expert, Mr. Shulby, who has been practicing disability discrimination law for nearly twice as long as Ms. Mitchell, charges an hourly rate of $325.00.  Accordingly, it is clear that such a rate is too high for a seventh-year associate performing similar services in the local legal community.  Moreover, it was only five months ago that this Court permitted an increase in Plaintiff's attorneys' fees and this Court finds that another increase is not warranted at this time.

**B.  Number of Hours Reasonably Expended**

Aurilio billed a total of 8.3 hours in this matter and Mitchell billed a total of 16.3 hours.  (DE 13, pg 9).  In the expert affidavit relied upon by Plaintiff, Attorney Shulby opines that both Aurilio and Mitchell expended a reasonable number of hours in this matter.  (DE 13, Ex. B).

Where multiple attorneys perform work on a case, a firm may be compensated for work performed by separate attorneys so long as the attorney's efforts are not unreasonably duplicative. *See Barnes*, 168 F.3d at 432 ("[a]n award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of

---

[5] A review of the Court's electronic filing system shows that Mr. Aurilio has filed 265 cases in this District, many of which appear to be ADA Title III cases, since 2000.

multiple-lawyer litigation") (*quoting Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)); *Norman*, 836 F.2d at 1301-1302 (observing that multiple attorneys may be compensated for their work on a case "if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer")(*citing Johnson*, *supra*).

Here, Defendant specifically objects to most of the entries on Plaintiff's counsels' time sheets as excessive and redundant, based on similar work performed and court filings made by Plaintiff's counsel in this case and in a prior ADA case which they brought before this Court, *Fox v. Raymond Office Plaza.,* No. 07-80630-CIV-HURLEY/HOPKINS.  Moreover, Defendant notes that it expressed an interest in settling this case very early on and since this matter was resolved without Defendant ever even filing an Answer to the Complaint, the attorney's fees awarded should be minimal.

### Preparation of the Case and Initial Pleadings

The Court finds that the billing records submitted by Plaintiff's counsel for the beginning stages of the case are substantially similar to those claimed by counsel in *Fox v. Raymond Office Plaza.,* No. 07-80630-CIV-HURLEY/HOPKINS, and therefore, the time should be reduced accordingly.  Specifically, the 8.3 hours Attorney Aurilio spent initiating the instant case should be reduced in light of the numerous other ADA lawsuits counsel have recently filed for this very Plaintiff in federal court.  It is reasonable for this Court to infer that for the sake of efficiency, multiple cases are discussed with Mr. Fox during one meeting.  Similarly, the time spent on computerized searches for property ownership and other ADA cases should be substantially reduced

given that multiple searches were likely conducted simultaneously. Finally, time spent drafting the Complaint should be extremely minimal given that Plaintiff's counsel have previously filed nearly identical complaints on behalf of Fox that contain only slight changes.

Thus, this Court agrees that Plaintiff's counsels' time should be reduced in light of the volume of ADA cases litigated by Plaintiff's counsel on behalf of this Plaintiff, under very similar circumstances. *See Access for the Disabled, Inc. v. Missouri Mart, Inc.*, 2006 WL 5432711, *2-3 (M.D. Fla. Dec. 7, 2006)(court reduced fee request by 50% noting ADA litigation is "repetitive and form intensive, as demonstrated by the eight other cases filed by Plaintiffs on the same day this case was filed"); *Brother v. Miami Hotel Investments, Ltd.,* 341 F. Supp. 2d 1230, 1236 (S.D. Fla. 2004)(where plaintiff's counsel drafted a "cookie-cutter complaint" that was "virtually identical" to the "numerous other complaints filed by these attorneys," as well as motions and stipulations that contained essentially boilerplate language, court reduced hours sought in fee application). *See also Iverson v. Braintree Property Assoc.,* 2008 WL 552652, *3 (D. Mass. Feb. 26, 2008)(court reduced fee request by 40% stating, "[j]ust as I credit [counsel's] substantial experience in litigating ADA cases in determining their hourly fee, I also consider that experience here: their obvious familiarity with similar cases suggests that they would 'be able to prosecute this fairly routine ADA case with a considerably lower expenditure of time than would a rookie'")(*quoting Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.,* 424 F.Supp.2d 962, 967 (E.D. Mich. 2006)).

The Court finds that the hours spent by Mr. Aurilio are excessive given the routine nature of this case and his familiarity and experience in bringing these lawsuits with this particular client. Accordingly, Mr. Aurilio's time will be reduced from 8.3 hours to 5.0 hours. *See also Glassroth v. Moore*, 347 F.3d 916, 919-20 (11th Cir. 2003)(a lawyer's expertise in an area results in "knowledge,

efficiency, and self-confidence, which should reduce the number of hours necessary for the task").

**Discovery/Trial Preparation**

Between November 4, 2008 and December 22, 2008, Ms. Mitchell states that she spent 3 hours preparing and amending Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1) as well as drafting discovery demands. The Court finds this time excessive and questions Plaintiff's entitlement to reimbursement for preparation of discovery demands that were never served and that were unnecessary in light of Defendant's immediate willingness to settle, particularly where the discovery deadline was still several months away. According, the Court will reduce Ms. Mitchell's time spent on discovery to .5 hours.

**Fee Application**

The billing records indicate that Ms. Mitchell spent 3.5 hours on January 20, 2009 preparing the instant motion for attorneys' fees.

The Court finds this time redundant and excessive in light of the hour Ms. Mitchell spent compiling these records on December 17, 2008, when she and defense counsel were attempting to agree to the amount of reimbursable attorney's fees. Moreover, her application and the affidavit of her expert, Todd Shulby, Esq., are largely identical to the application prepared in the case of *Fox v. Raymond Office Plaza.,* No. 07-80630-CIV-HURLEY/HOPKINS. Given that the motion is essentially a duplicate of a previous filing, the Court finds the time Ms. Mitchell spent on January 20, 2009 to be excessive and will reduce it to .5 hours. *See Lamb v. Falika, Corp.*, 2005 WL 5954969, *2-3 (M.D. Fla. Oct. 4, 2005)(the court reduced fees sought where plaintiff's counsel filed

"multiple ADA cases" and "cut and paste" their motions and pleadings using the "exact same language").

In sum, Ms. Mitchell's 16.3 hours of time spent in this case should be reduced by 5.5 hours to 10.8 hours at a rate of $295.00 per hour, for a total of $3,186.00. Mr. Aurilio's 8.3 hours should be reduced by 3.3 hours to 5.0 hours at a rate of $325.00 per hour, for a total of $1,625.00.

**C.  Plaintiff's Request for Paralegal Fees**

As part of the attorney's fee award, Plaintiff seeks to be compensated for paralegal fees for the work performed by Heather Grove. (DE 13, pgs 10-11). According to Plaintiff's motion, Grove is currently pursuing a Bachelors of Science degree in Paralegal Studies. She has three years of experience as a paralegal, all of which has been spent specializing in ADA cases. (DE 13, pgs 10-11). Grove "engages in extensive contact with clients, opposing counsel, expert witnesses, opposing parties and court staff on a regular basis" and "regularly represents [her] firm in conducting formal property inspections with opposing counsel and expert witnesses." (DE 13 at pgs 10-11). Grove expended a total of 3.7 hours performing case-related activities in this matter and is billed out by the firm at an hourly rate of $90.00. (DE 13 at page 11).

At the outset, the Court notes that Defendant does not object to Grove's hourly rate. Moreover, the Court finds $90.00 to be a reasonable billing rate for a paralegal. *See Hansen v. Deercreek Plaza*, 420 F. Supp 2d 1346, 1351, 1353 (S.D. Fla. 2006) (awarding paralegal fees as requested at a rate of $90.00 per hour; finding that the hourly rate was within the range of prevailing paralegal rates within this District).

With regard to the activities performed by a paralegal, the general rule is that where the work

performed is that normally performed by an attorney, paralegal time may be included as part of an attorney's fee award. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (holding that the district court did not err, as part of awarding attorney's fees pursuant to 42 U.S.C. § 1988, by compensating the plaintiffs for the work of law clerks and paralegals at market rates, rather than at their cost to the attorney); *Jean v. Nelson*, 863 F.2d 759, 778-780 (11th Cir. 1988) (holding that time spent by paralegals and law clerks could be reimbursed under the Equal Access to Justice Act to the extent that the work was normally done by an attorney) (*citing Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982)). *See also Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002)("such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client"). "Otherwise, paralegal expenses are separately unrecoverable overhead expenses." *Allen*, 665 F.2d at 697.

"Ordinarily, an attorney should not bill for . . . paralegal time when the tasks involved are of a secretarial nature." *Reino ex rel. Reino v. Secretary of Dept. of Health and Human Services*, 2007 WL 5171596, *1 (Fed. Cl. Feb. 14, 2007). *See also* Inman v. Apfel, 2000 WL 1221858, *2 (M.D. Fla. Jul. 14, 2000)(" tasks of a clerical nature are not compensable as attorney's fees"). For example, courts have denied compensation for "paralegals performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers." *For Play Limited v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, *7 (S.D. Fla. Nov. 6, 2006)(*citing In re Bicoastal Corp.,* 121 B.R. 653, 655 (Bankr. M.D. Fla. 1990)). However, phone calls to clients, opposing counsel, experts and the courts are typically not considered clerical in nature. *See, e.g., Reino*, 2007 WL 5171596 at *2 ("[s]imply because a telephone call to the client . . . lasted only a few minutes does not mean that it should have been handled by a secretary or that

it was unnecessary;" court rejected defendant's claim that paralegal's phone calls, were "ministerial tasks" that should not be reimbursed).

Here, having reviewed Grove's billing records, this Court concludes that the number of hours expended by Grove are reasonable, and that the phone calls, emails and other work Grove performed is work traditionally performed by an attorney. Thus, this Court finds that Plaintiff should be compensated for the 3.7 hours claimed by Grove at a rate of $90.00 per hour, for a total of $333.00.

**3.  Litigation Expenses and Costs**

Plaintiff next seeks to recover $824.79 in costs (including $350.00 for an expert reinspection fee). These costs also include the filing fee, mileage, photocopies, postage, and service of process. (DE 13, pg. 11).

Defendant does not object to any of Plaintiff's costs except the $84.50 sought as reimbursement for copying costs. (DE 15 at page 9).

**A.  Expert Reinspection Fee**

Under the ADA, plaintiffs are entitled to recover expert fees as costs. *See* 42 U.S.C. § 12205 (2006) ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . ."); *Lovell v. Chandler*, 303 F.3d 1039, 1058-1059 (9th Cir. 2002) (holding that the term "litigation costs," as used in section 12205, includes expert witness fees), *cert. denied*, 537 U.S. 1105 (2003).

This Court concludes that $350.00 for the reinspection fee is reimbursable. Accordingly,

Plaintiff is entitled to reimbursement for the claimed expert fee. *See Macort v. McDonald's Corp.*, 2005 WL 1925740, *10 (M.D. Fla. Aug. 11, 2005) (awarding ADA expert fee at a rate of $200.00 per hour, for a total of $3,850.00) (*citing Lovell*, *supra*); *Shepard v. Honda Am. Mfg., Inc.*. 160 F. Supp 2d 860, 875-76 (S.D. Ohio 2001) (awarding expert fees to prevailing ADA plaintiff).

**B.  Other Litigation Expenses and Costs**

Plaintiff seeks to recover other litigation expenses and costs as follows: (1) a filing fee of $350.00; (2) photocopying fees in the amount of $84.50; (3) postage in the amount of $4.12; (4) $30.00 for service of process; and (5) mileage in the amount of $6.17. (DE 13, pg 13).

According to the ADA, courts are permitted, in their discretion, to award prevailing parties litigation expenses and costs as part of a reasonable attorney's fee. *See* 42 U.S.C. § 12205 (2006). In addition, pursuant to Fed. R. Civ. P. 54(d), prevailing parties are entitled to recover costs. *See* Fed. R. Civ. P. 54(d) (2006) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .")  Costs recoverable under Rule 54(d) are defined by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d)). Under section 1920, the court may tax as costs, *inter alia*, "fees of the clerk and marshal," and "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(1), (4) (2006).

As noted above, Defendant only objects to the $84.50 Plaintiff seeks for copies in this case, claiming that they were not necessary and only for the convenience of counsel.  Section 1920(4)

permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 622. Copies obtained only for the convenience of counsel are not recoverable. *See Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)).

      The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Zunde v. International Paper Co.*, 2000 WL 1763843, *6 (M.D. Fla. July 20, 2000)(stating that the prevailing party bears the burden of proving that the copies were necessary) (citing *Desisto College, Inc.*, 718 F. Supp at 910, n.1). *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp 1568, 1570 (N.D. Ga. 1992) (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case") (citing *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992); *Desisto College, Inc.*, 718 F. Supp. at 914). Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied. *See Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

      This Court concludes that Plaintiff should not be permitted to recover his copying costs because he has not met his burden with respect to such request. Plaintiff's reply papers do not address Defendant's objection to the copying costs at all. Moreover, a review of Plaintiff's itemization of copying costs indicates that the vast majority of documents copied were emails, which presumably were copied for counsel's convenience. Accordingly, Plaintiff's request for

reimbursement of his copying costs is denied.

As for Plaintiff's other costs, this Court notes that Defendant does not object to them and that they appear reasonable. Therefore, this Court concludes that Plaintiff should be reimbursed for the remaining costs, totaling $740.29.

### REPORT AND RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court:

(1) **GRANT IN PART** Plaintiff's Motion for Attorneys' Fees as follows:

    (a) Ms. Mitchell: 10.8 hours multiplied by $295.00 per hour = $ 3,186.00

    (b) Mr. Aurilio: 5 hours multiplied by $325.00 per hour = $1,625.00

    (c) Ms. Grove: 3.7 hours multiplied by $90.00 per hour = $ 333.00

**TOTAL AWARD OF ATTORNEYS' FEES:** $ 5,144.00

(2) **GRANT IN PART** Plaintiff's Motion for Costs as follows:

    a.) Costs for Expert's Re-inspection Fee: $ 350.00

    b.) Costs for Court Filing Fee: $350.00

    c.) Costs for Postage: $ 4.12

    d.) Costs for Mileage: $ 6.17

    e.) Costs for Service of Process: $ 30.00

**TOTAL AWARD OF COSTS**: $ 740.29

(3) Defendant is directed to pay Plaintiff's attorney's fees and costs within **THIRTY (30) DAYS** of the date of this Order.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 13 day of April, 2009 at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record